UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 12 PERCENT LOGISTICS, INC., et al., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> UNIFIED CARRIER REGISTRATION ) <br> PLAN BOARD, et al., ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 17-cv-02000 (APM) |

## ORDER

Before the court is yet another motion by Plaintiffs 12 Percent Logistics and the Small Business in Transportation Coalition concerning the public noticing of meetings of Defendant Unified Carrier Registration Plan Board. In this motion, Plaintiffs ask the court to cancel Defendant's ten subcommittee meetings that are scheduled for June 3 and June 5, 2018, and to hold Defendant in contempt for violating a January 29, 2018, court order enjoining Defendant, pending appeal, from holding subcommittee meetings "without first complying with the notice requirements of the Sunshine Act, 5 U.S.C. §552b(e)." *See generally* Pls.' Emergency Mot. for the Ct. to Hold Def. Unified Carrier Registration Plan Board in Contempt of Ct. Order (DE 68) and Mem. in Supp., ECF No. 84 [hereinafter Pls.' Mot.]; *see also* Order, ECF No. 68.[1] Plaintiffs

---

[1] The January 29, 2018, court order stated, in relevant part:

> Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, Defendant Unified Carrier Registration Plan Board is hereby enjoined from holding subcommittee meetings of the UCR Board without first complying with the notice requirements of the Sunshine Act, 5 U.S.C. § 552b(e), for all subcommittee meetings held after January 31, 2018. This injunction shall remain in effect until the D.C. Circuit resolves Plaintiffs' appeal from the court's denial of their second and third requests for injunctive relief.

Order, ECF No. 68.

argue that Defendant has violated the injunction by: (1) failing to provide the subject matter for its subcommittee meetings in its notices in the Federal Register and on its website, Pls.' Mot. at 4–7; (2) failing to submit to the Federal Register its subcommittee meeting notices "immediately" following a May 11, 2018, online announcement by the Board that it would hold such meetings, *id*. at 7; and (3) failing to submit its meeting notices to the Federal Register one week prior to the subcommittee meetings, which was May 27, 2018, *id*. For the reasons that follow, the court denies Plaintiffs' motion.

For starters, the court denies Plaintiffs' motion for failure to meet and confer as required by Local Civil Rule 7(m). *See* LCvR 7(m) (requiring parties to meet and confer before the filing of any nondispositive motion). Plaintiffs admit that they failed to adhere to the meet-and-confer requirement. Pls.' Reply in Support of Emergency Mot. for Contempt, ECF No. 88 [hereinafter Pls.' Reply], at 3. They attempt to excuse their omission on the grounds that they learned late of the "emergent situation," i.e., the alleged violation of the court's order, and that Defendant's lead counsel was out of the country. *See id*. But those are not valid excuses. *See United States ex rel. K&R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006) (concluding that a party's "most cursory attempt" to communicate with opposing counsel regarding a time-sensitive motion was inadequate). And the irony appears lost on Plaintiffs: While they insist on Defendant's strict compliance with the court's order, they themselves knowingly violated the court's local rules. Plaintiffs' violation of Local Civil Rule 7(m) is, on its own, reason to deny their motion. *See, e.g.*, *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (denying discovery motions for lack of "any hint that [the parties] discussed the motions in person or by phone, as required" by the local rule).

Plaintiffs' failure to meet and confer is no mere ministerial misstep. Had they done so, perhaps they would have realized that they could not meet the stringent standard to show civil contempt. To succeed on a motion for a finding of civil contempt, the movant must show, "by clear and convincing evidence, that: (1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order." *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010) (citing *Armstrong v. Exec. Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir.1993)). The movant also must establish that the order allegedly violated was clear and unambiguous. *Id.* Once the above three-part showing is made, the burden shifts to the non-moving party to provide adequate detailed proof justifying noncompliance. *Id.*

Here, as Defendant has demonstrated, Defendant's notices for the upcoming subcommittee meetings substantially complied with the court's order requiring it to adhere to the notice requirements of the Sunshine Act, 5 U.S.C. § 552b(e).[2] *See generally* Def.'s Opp'n to Pls.' Emergency Mot., ECF No. 86. An initial meeting notice appeared on Defendant's newly created website, www.ucrplan.org, on April 24, 2018. Def.'s Notice of Filing of Exhibits, ECF No. 87 [hereinafter Def.'s Filing], Exhibit B, ECF No. 87-2, ¶ 5. Thereafter, Defendant posted on its website initial agendas for the subcommittee meetings on May 11, 2018. *Id*. ¶ 6. And, then, Defendant published final agendas for the meetings on May 23, 2018, *id*. ¶ 7, and the Department of Transportation signed and transmitted a final public notice for the meetings on May 25, 2018—more than seven days before the scheduled meetings, *see id*. ¶ 8. The meeting notice appeared in the Federal Register on Tuesday, May 29, 2018—the first business day after Memorial Day, a federal holiday. *See* Def.'s Filing, Exhibit D, ECF No. 87-4. That publication contained

---

[2] The court appreciates Defendant's counsel's quick work in responding to Plaintiffs' Emergency Motion.

information about the time and location of all ten subcommittee meetings and conference call information so that persons could participate remotely. *Id*. Moreover, the Federal Register notice stated that agendas for the meetings would be available on the Defendant's website by 5 p.m. on May 25, 2018, and contained a URL to that website. *Id*. Plaintiff offers no evidence to contest this timeline of events. *See generally* Pls.' Reply. As the foregoing demonstrates, Plaintiffs have fallen woefully short of establishing a violation of the court's order by "clear and convincing evidence." *See Armstrong*, 1 F.3d at 1289.

For the foregoing reasons, Plaintiffs' Emergency Motion is denied.

Dated: June 2, 2018

Amit P. Mehta
United States District Judge